**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**(Philadelphia)**

|  |  |
|---|---|
| In re:<br><br>  **SAYDULLO A. USMONOV**,<br><br>                    Debtor. | Chapter 13<br>Bankruptcy No.: 26-11011-djb<br><br>Response Deadline: April 8, 2026<br><br>Hearing Date & Time: Thursday, April 23, 2026 at 11:00am |

**MOTION OF BMO BANK N.A. FOR RELIEF FROM AUTOMATIC STAY**

**TO THE HONORABLE, THE JUDGES OF SAID COURT:**

**AND NOW,** to wit, comes Movant **BMO BANK N.A.** ("BMO" or "Movant"), formerly known as BMO Harris Bank N.A., a secured creditor in the above-referenced bankruptcy case, by and through their attorneys **WONG FLEMING, P.C.,** and hereby requests that this Court enter an Order granting it relief from the automatic stay to recover vehicles from Saydullo A. Usmonov  (hereinafter "Usmonov" or "Debtor"), and to sell or otherwise dispose of any reclaimed or returned Equipment, and in support thereof, avers as follows:

**JURISDICTION AND VENUE**

1.      This is a contested matter in which the Court has jurisdiction pursuant to 28 U.S.C. §157 and §1334.

2.      Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

3.      This Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

**BACKGROUND**

4.     On March 12, 2026 (the "Filing Date"), a voluntarily Chapter 13 petition was filed by Usmonov with this Court and assigned Case No. 24-12602-pmm.

5.     At all times relevant hereto, the movant, BMO, was in the business of financed leases.

6.     On August 10, 2023, Zero Max Construction Inc. ("Zero Max") entered into a Master Equipment Finance Agreement (hereinafter the "Agreement") with BMO, wherein Zero Max agreed to make certain payments to Movant pursuant to the terms of the Agreement, for the purchase of the following equipment (hereinafter the "Equipment"):

| Year | Manufacturer | Model | VIN Number |
|---|---|---|---|
| 2024 | FREIGHTLINER | CA126SLP | 3AKJHHDR3RSVB3218 |

A true and correct copy of the Agreement and title for the Equipment are attached collectively as **Exhibit A**.

6.     Accordingly, Creditor has duly perfected its security interest in the above-described collateral as evidenced by the Certificate of Title.

7.     Pursuant to the Agreement, Zero Max was to make 72 monthly payments of $3,921.487 directly to Movant, commencing on or about September 24, 2023.

8.     On or about January 7, 2026, Zero Max failed to make the minimum monthly payment and defaulted on the Agreement.

9.     Usmonov executed a Guaranty (hereinafter the "Guaranty") for the Agreement, whereby he guaranteed and agreed to cure any default of Zero Max. A true and correct copy of the Guaranty is attached hereto as **Exhibit B**.

10.     Debtor filed a voluntary petition for relief under Title 11 U.S.C. Chapter 13 on March 12, 2026, staying actions as specified in § 362 of the code. This Court has jurisdiction over this matter by virtue of the jurisdiction conferred upon it under 28 U.S.C. § 157, which characterizes this matter as a "core proceeding" arising in a case under Title 11, United States Code.

11.     As of the date of filing, the Debtor owes Creditor $174,406.46, with 18% interest accruing thereafter. Movant is the holder of a valid and perfected lien on the property. Attached as **Exhibit C**, and incorporated by reference, is the Loan Damage Calculator evidencing the amount due to Creditor.

12.     Debtor has defaulted by failing to pay for the Equipment as contracted under the agreement. Debtor is delinquent in the amount of $174,406.46.

13.     BMO's in-house asset management department has determined that the Equipment has a combined orderly liquidated value ("OLV") of approximately $57,725.00, but expects to receive less at sale.

14.     Debtor has defaulted by failing to pay for the Equipment as contracted under the agreement. Debtor is delinquent in the amount of $174,406.46.

15.     Movant requests relief from the automatic stay to reclaim and sell this Equipment to a third party at auction.

16.     Movant recognizes that Zero Max, the company that entered into the Master Equipment Finance Agreement, is a distinct legal entity from Debtor and has not filed for bankruptcy. Movant has filed this motion to definitively establish that the automatic stay provision of the Bankruptcy Code does not apply to the Collateral.

**WHEREFORE**, BMO Bank N.A. prays that (a) the Court grant Creditor's motion for relief from stay, (b) Creditor is permitted to foreclose upon its security interest

3

in the property described below, (c) the Movant recover its attorney's fees and costs expended in this behalf; (d) after the sale of the Equipment, any excess funds will be turned over to the Chapter 13 Trustee:

| Year | Manufacturer | Model | VIN Number |
|------|-------------|-------|------------|
| 2024 | FREIGHTLINER | CA126SLP | 3AKJHHDR3RSVB3218 |

Respectfully submitted,

**WONG FLEMING**

By:  /s/ James K. Haney
    James K. Haney, Esq.
    Email:  jhaney@wongfleming.com
    400 Alexander Park Drive, Ste. 201
    Princeton, NJ 08540
    Tel. (609) 951-9520
    Fax. (609) 951-0270

Dated:  March 25, 2026    Attorneys for Creditor BMO Bank N.A.


**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served on all interested parties as listed below as follows, on March 25, 2026:

**VIA FIRST CLASS MAIL:**

Saydullo A. Usmonov
9906 Bustleton Ave Apt G11
Philadelphia, PA 19115-2180
*Debtor*

Kenneth E. West
Office of the Chapter 13 Standing Trustee
190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106
*Chapter 13 Trustee*

4

**<u>VIA CM/ECF NOTIFICATION AND FIRST CLASS MAIL:</u>**

Michael A. Cibik
Cibik Law, P.C.
1500 Walnut Street
Suite 900
Philadelphia, PA 19102
*Debtor's Attorney*

*/s/ James K. Haney*
James K. Haney
