# EXHIBIT B

**GUARANTY**

This Guaranty is made as of **August 10, 2023** by **Saydullo Askaralievich Karimov**, with an address of 9065 Bustleton Avenue G-21, Philadelphia, Pennsylvania 19115 ("**Guarantor**") in favor of **CROSSROADS EQUIPMENT LEASE AND FINANCE, LLC**, with an address of 9385 Haven Ave., Rancho Cucamonga, CA 91730 ( whether a lender or a lessor hereinafter "**Lender**"), In consideration of any credit or other financial accommodation now or hereafter extended or made to **Zero Max Construction Inc** (whether a lessee or borrower hereinafter "Debtor"), or any of them, by Lender and for other valuable consideration, Guarantor, unconditionally guarantees to Lender the full and prompt payment and performance when due of any and all Indebtedness of Debtor to Lender. The term "Indebtedness" is used herein in its most comprehensive sense and includes any and all advances, debts, performance, obligations and liabilities of Debtor, or any of them heretofore, now or hereafter made, incurred or created, however arising, whether due or to become due, including under any lease, equipment finance agreement, schedule to a master lease or master equipment finance agreement, contract, loan agreement, note, security agreement, or other similar transaction, and all modifications, extensions and renewals thereof, and whether Debtor may be liable individually or jointly with others. This Guaranty is a guaranty of payment and not collection.

**1. CONTINUING LIABILITY; SUCCESSIVE TRANSACTIONS; REVOCATION; OBLIGATION UNDER OTHER GUARANTIES.** This is a continuing guaranty and all rights, powers and remedies hereunder shall apply to all past, present and future Indebtedness of Debtor to Lender, including that arising under successive transactions which shall either continue the Indebtedness, increase or decrease it, or from time to time create new Indebtedness after all or any prior Indebtedness has been satisfied, and notwithstanding the death, incapacity, dissolution, liquidation or Bankruptcy of Debtor or Guarantor or any other event or proceeding affecting Debtor or Guarantor. This Guaranty shall not apply to any new Indebtedness created more than fifteen (15) days after actual receipt by Lender of written notice of its termination as to such new Indebtedness; provided however, that loans, advances, leases or other financial accommodations made by Lender to, for or with Debtor after termination under commitments existing prior to receipt by Lender of such termination, and extensions, renewals or modifications, of any kind, of Indebtedness incurred by Debtor or committed by Lender prior to receipt by Lender of such termination, shall not be considered new Indebtedness. Any such notice must be sent to Lender by registered U.S. mail, postage prepaid, addressed to its office at the top of this page, or at such other address as Lender shall from time to time designate. Termination of this Guaranty by any single Guarantor will not affect the existing and continuing obligations of any other Guarantor. The obligations of Guarantor hereunder shall be in addition to any obligations of Guarantor under any other guaranties of any liabilities or obligations of Debtor or any other persons heretofore or hereafter given to Lender unless said other guaranties are expressly modified or revoked in writing; and this Guaranty shall not, unless expressly herein provided, affect or invalidate any such other guaranties.

**2. OBLIGATIONS JOINT AND SEVERAL; SEPARATE ACTIONS.** The obligations hereunder are joint and several and independent of the obligations of Debtor or any other Guarantor and a separate action or actions may be brought and prosecuted against Guarantor whether action is brought against Debtor, any other Guarantor, or any other person, or whether Debtor, any other Guarantor or any other person is joined in any such action or actions. Guarantor acknowledges that this Guaranty is absolute and unconditional, there are no conditions precedents to the effectiveness of this Guaranty, and this Guaranty is in full force and effect and is binding on Guarantor as of the date written below, regardless of whether Lender obtains collateral or any guaranties from others or takes any other action contemplated by Guarantor. Guarantor waives the benefit of any statute of limitations affecting Guarantor's liability hereunder or the enforcement thereof. The liability of Guarantor hereunder shall be reinstated and revived and the rights of Lender shall continue if and to the extent for any reason any amount at any time paid on account of any Indebtedness guaranteed hereby is rescinded, avoided or must otherwise be restored by Lender, whether as a result of any proceedings in Bankruptcy or reorganization or otherwise, all as though such amount had not been paid. The determination as to whether any amount so paid must be rescinded or restored shall be made by Lender in its sole discretion; provided however, that if Lender chooses to contest any such matter at the request of Guarantor, Guarantor agrees to indemnify and hold Lender harmless from and against all costs and expenses, including reasonable attorneys' fees, expended or incurred by Lender in connection therewith, including without limitation, in any litigation with respect thereto.

**3. AUTHORIZATIONS TO LENDER.** Guarantor authorizes Lender either before or after revocation hereof, without notice to or demand on Guarantor, and without affecting Guarantor's liability hereunder, from time to time to: (a) alter, compromise, renew, extend, accelerate or otherwise change the time for payment of, or change the terms of the Indebtedness or any portion thereof, including increase or decrease of the rate of interest thereon; (b) exchange, enforce, waive, subordinate or release any security for the payment of this Guaranty or the Indebtedness or any portion thereof; (c) apply such security and direct the order or manner of sale thereof, including without limitation, a non-judicial sale permitted by the terms of the controlling security agreement, mortgage, or deed of trust, as Lender in its discretion may determine; (d) release or substitute any one or more of the endorsers or any other guarantors of the Indebtedness, or any portion thereof, or any other party thereto; and (e) apply payments received by Lender from Debtor to any Indebtedness of Debtor to Lender, in such order as Lender shall determine in its sole discretion, whether or not such Indebtedness is covered by this Guaranty, and Guarantor hereby waives any provision of law regarding application of payments which specifies otherwise. Lender may without notice assign this Guaranty in whole or in part. Upon Lender's request, Guarantor agrees to provide to Lender copies of Guarantor's financial statements.

**4. REPRESENTATIONS AND WARRANTIES.** Guarantor represents and warrants to Lender that: (a) this Guaranty is executed at Debtor's request; (b) Guarantor shall not, without Lender's prior written consent, sell, lease, assign, encumber, hypothecate, transfer, merge or consolidate with or into any other person or otherwise dispose of all or a substantial or material part of Guarantor's assets other than in the ordinary course of Guarantor's business or otherwise suffer a change in control of the ownership or voting power from the structure of such Guarantor on the date thereof; (c) Lender has made no representation to Guarantor as to the creditworthiness of Debtor; (d) if Guarantor is a partnership, corporation, limited liability company or other legal entity, the execution, delivery and performance of this Guaranty has been duly authorized by all necessary action on the part of Guarantor and will not violate any provision of Guarantor's governing documents; and the person signing this Guaranty on behalf of Guarantor is duly authorized; and (e) Guarantor or any other person who owns a controlling interest or otherwise controls such Guarantor in any manner is not listed on the Specially Designated Nationals and Blocked Persons Lists maintained by the Office of Foreign Assets Control ("OFAC") or other similar lists maintained by the federal government pursuant to any federal law or regulation regarding a person designated under Executive Order No. 13224 or similar lists and Guarantor is in compliance with any Bank Secrecy Act regulations and other federal regulations to prevent money laundering and is not otherwise prohibited from doing business with Lender.

**5. WAIVERS.** (a) Guarantor waives all suretyship defenses and any right to require Lender to: (i) make demand upon, assert claims against or proceed against Debtor or any other person; (ii) marshal assets or proceed against or exhaust any security held from Debtor or any other person; (iii) give notice of the terms, time and place of any public or private sale or other disposition of personal property security held from Debtor or any other person; or (iv) take any other action or pursue any other remedy in Lender's power; (v) make any presentment or demand for performance, or give any notice of extensions, modifications or renewals of Indebtedness, any new transactions between Debtor and Lender and/or any other Guarantor, presentment, nonperformance, protest, notice of default,, notice of protest or notice of dishonor hereunder or in connection with any obligations or evidences of indebtedness held by Lender as security for or which constitute in whole or in part the Indebtedness guaranteed hereunder, or in connection with the creation of new or additional Indebtedness. All rights, powers and remedies of Lender hereunder are cumulative. No delay, failure or discontinuance of Lender in exercising any right, power or remedy hereunder shall affect or operate as a waiver of such right, power or remedy; nor shall any single or partial exercise of any such right, power or remedy preclude, waive or otherwise affect any other or further exercise thereof or the exercise of any other right, power or remedy. Any waiver, permit, consent or approval of any kind by Lender of any breach of this Guaranty, or any such waiver of any provisions or conditions hereof, must be in writing and shall be effective only to the extent set forth in writing.

**6. MISCELLANEOUS.** This Guaranty shall be binding upon and inure to the benefit of the heirs, executors, administrators, legal representatives, successors and assigns of the parties; provided however, that Guarantor may not assign or transfer any of its interests or rights hereunder without Lender's prior written consent. Guarantor acknowledges that Lender has the right to sell, assign, transfer, negotiate or grant participations in all or any part of, or any interest in, any Indebtedness of Debtor to Lender and any obligations with respect thereto, including this Guaranty. In connection therewith, Lender may disclose all documents and information which Lender now has or hereafter acquires relating to Guarantor and/or this Guaranty, whether furnished by Debtor, Guarantor or otherwise. Guarantor further agrees that Lender may disclose such documents and information to Debtor. Guarantor shall pay to Lender immediately upon demand the full amount of all payments, advances, charges, costs and expenses, including reasonable attorneys' fees, expended or incurred by Lender in connection with the enforcement of any of Lender's rights, powers or remedies and/or the collection of any amounts which become due to Lender under this Guaranty or to enforce or collect any of the Indebtedness, and the prosecution or defense of any action in any way related to this Guaranty. So long as Guarantor has any obligations under or pursuant to this Guaranty, Guarantor will furnish to Lender, upon the request of Lender, but in any event, within ten (10) days such information as Lender may reasonably request from time to time, including without limitation financial statements, tax returns and any information pertaining to Guarantor. This Guaranty shall be governed by and construed in accordance with the laws of the State of California, applied without giving effect to conflict-of-laws principles. Guarantor hereby irrevocably submits to the jurisdiction of any State or Federal court located in San Bernardino County, California, without regard to its conflicts of laws principles. Lender may in its sole discretion, accept a photocopy, electronically transmitted facsimile or other reproduction of this guaranty (a "Counterpart") as the binding and effective record of this Guaranty

**11. WAIVER OF JURY TRIAL.** TO THE EXTENT PERMITTED BY APPLICABLE LAW, EACH PARTY HERETO WAIVES ALL RIGHT TO TRIAL BY JURY IN ANY ACTION ARISING HEREUNDER OR IN ANY WAY CONNECTED WITH ANY THIS GUARANTY, provided that if any action is filed in a court of the State of California by or against any party in connection herewith, the parties agree the court shall, and is hereby directed to, make a general reference pursuant to California Code of Civil Procedure Section 638 to a referee (who shall be a single active or retired judge) to hear and determine all of the issues in such action or proceeding (whether of fact or of law) and to report a statement of decision, and you agree that such proceeding shall be conducted in San Bernardino County, California, with California rules of evidence and discovery applicable to such proceeding and that you shall be solely responsible to pay all fees and expenses of any referee appointed in such action or proceeding. THIS CONSTITUTES A "REFERENCE AGREEMENT" UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 638.

IN WITNESS WHEREOF, the parties have caused this Guaranty to be executed by their duly authorized representatives as of the date first above written.

**GUARANTOR:**

By: _____

Name: Saydullo Askaralievich Usmonov

Print Name: Saydullo Usmonov

Title (if a legal entity): Individual